IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ASHLEY O.**,[1]

    Plaintiff,

    v.

**NANCY BERRYHILL,** Acting
Commissioner of Social Security,

    Defendant.

No. 3:17-cv-02060-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Plaintiff Ashley O. ("Plaintiff") seeks judicial review of the Commissioner of Social Security's decision denying her application for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) benefits. I have jurisdiction under 42 U.S.C. § 405(g) to review the decision of the Administrative Law Judge (ALJ). For the reasons stated below, I AFFIRM the ALJ's decision.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

**PROCEDURAL BACKGROUND**

Plaintiff filed an application for DIB with a protective filing date of November 30, 2010, and an application for SSI benefits with a protective date of March 30, 2011. Tr. 1077. In both applications, Plaintiff alleged disability beginning on January 31, 2006. *Id*. Both claims were initially denied on June 24, 2011, and denied again upon reconsideration on April 2, 2012. *Id*. A hearing was held before Administrative Law Judge Jo Hoenninger on July 25, 2013. *Id*. The ALJ denied Plaintiff's claims on August 13, 2013, finding that Plaintiff was not disabled, and the Appeals Council denied review. Tr. 22, 1077.

Upon denial, Plaintiff requested review by this Court. Judge Marco A. Hernandez reversed and remanded Plaintiff's claim for further proceedings on April 18, 2016. Tr. 1136. Judge Hernandez concluded that "the record contain[ed] sufficient evidence to raise the possibility that Plaintiff may meet the criteria for 12.05C, but [did] not conclusively establish her entitlement to this finding." *Id*. Specifically, Judge Hernandez noted that the validity of Plaintiff's IQ scores needed to be addressed by the ALJ, and that Plaintiff's educational and work history raised issues about whether onset of her impairment began before age twenty two.[2] *Id*.

Following the ALJ's denial of her claims, Plaintiff filed subsequent claims for DIB and SSI benefits on November 17, 2014, and August 14, 2015 respectively. Tr. 1077. Per Judge Hernandez's order, the Appeals Council remanded Plaintiff's case for a supplemental hearing on July 25, 2016, and the ALJ consolidated both the old and new claim files into a single record. *Id*.

---

[2] The question of whether Plaintiff's impairment onset before age twenty-two was not addressed in the subsequent briefings due to a change in the Social Security Administration's Listing of Impairments used to evaluate claims involving mental disorders. Revised Med. Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66, 138 (Sept. 26, 2016). The change took place after the Appeals Council remanded Plaintiff's case.

The supplemental hearing was held on May 23, 2017, and on August 25, 2017 the ALJ again issued a finding that Plaintiff was not disabled. Tr. 1077–89.

## THE ALJ'S FINDINGS

The ALJ made her decision based upon the five-step sequential evaluation process established by the Secretary of Health and Human Services. *See Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520. At the first four steps of the process, the burden of proof is on the claimant; only at the fifth and final step does the burden of proof shift to the Commissioner. *Tackett*, 180 F.3d at 1098.

At Step One, the ALJ determined that Plaintiff did not engage in substantial gainful activity since the alleged onset date of January 31, 2006. Tr. 1078. At Steps Two and Three, the ALJ determined that Plaintiff had severe impairments of back strain, borderline intellectual functioning, affective disorder, and anxiety disorder. But the ALJ found that none of these impairments alone or in combination met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 1080–83.

Next, the ALJ determined that Plaintiff had the residual functional capacity (RFC)

> to perform medium work as defined in 20 CFR §§ 404.1567(c) and 416.97(c), except that she can frequently climb ramps and stairs, occasionally climb ladders, ropes, and scaffolds. She can occasionally kneel, crouch, and crawl. She can frequently finger and handle with the right upper extremity. She can understand and remember simple instructions and make simple work-related decisions. She has sufficient concentration, persistence, and pace to complete simple, routine tasks for a normal workday and workweek with normal breaks. She should only have occasional, brief interactions with coworkers and the general public. She should have no over the shoulder supervision. She should be in a workplace with few changes to the work setting and work processes.

Tr. 1083.

At Step Four, the ALJ determined that Plaintiff was incapable of performing any past relevant work. At Step Five, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform, and thus concluded that Plaintiff was not disabled. Tr. 1087–89.

## STANDARD OF REVIEW

I review the ALJ's decision to ensure the ALJ applied proper legal standards and that the ALJ's findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (explaining that the ALJ's decision must be supported by substantial evidence and not based on legal error). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). Where the evidence can support affirming the ALJ's decision, the reviewing court may not substitute its judgment for that of the ALJ. *Robbins*, 466 F.3d at 882.

## DISCUSSION

Plaintiff makes three arguments as to why the Commissioner's decision to deny her claims for disability benefits was incorrect. Plaintiff first asks me to apply a former version of Listing 12.05C to this case under the law of the case doctrine, arguing that I have discretion to choose which listing to apply. Plaintiff claims that the ALJ erred by not doing what Judge Hernandez ordered, instead applying the criteria of the new Listing 12.05. If I do not apply the

former version of Listing 12.05C, Plaintiff asks that that I find that Judge Hernandez's affirmation of the ALJ's rejection of Dr. Duvall's opinion does not stand as law of the case. Finally, if I both apply the new version of Listing 12.05 and uphold the ALJ's rejection of Dr. Duvall's opinion, Plaintiff asks that I find the ALJ erred in failing to sufficiently develop the record because the medical records are outdated and do not address the new criteria of Listing 12.05. In all three scenarios Plaintiff argues for remand of the case and reversal of the ALJ's decision.

## I. Which Version of Listing 12.05 Should Apply

Plaintiff's first argument is that I should apply the 2016 version of Listing 12.05C in my review of the ALJ's most recent decision. Plaintiff's case was remanded by the Appeals Council on July 25, 2016. Her supplemental hearing was held on May 23, 2017. On September 26, 2016, the Social Security Administration (SSA) announced it would be changing the criteria in the Listing of Impairments used to evaluate claims involving mental disorders. These changes became effective January 17, 2017—before Plaintiff's supplemental hearing occurred. Revised Med. Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66, 138 (Sept. 26, 2016). The SSA explained when the new rules would be applied:

> This means that we will use these final rules on and after their effective date, in any case in which we make a determination or decision. We expect that Federal courts will review our final decisions using the rules that were in effect at the time we issued the decisions. If a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply these final rules to the entire period at issue in the decision we make after the court's remand.

*Id.* at n.1.

5 – OPINION AND ORDER

Plaintiff asks me to apply the law of the case doctrine in deciding which listing should apply. The law of the case doctrine states that "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). Certain circumstances permit a court discretion to "reopen a previously resolved question." *Id*. at 155. Courts may depart from the law of the case when: "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." *Id*.

Plaintiff claims that because I have discretion to depart from the law of the case, I should also have discretion to adhere to the law of the case. The changed listing criteria create an intervening change in law—or in the alternative, other circumstances—therefore providing me discretion to apply the old Listing 12.05C as the law of the case. Judge Hernandez remanded this case for further fact finding regarding the age of onset of Plaintiff's disability. The ALJ did not address the age of onset in her finding because she applied the new Listing 12.05 standards and found Plaintiff was not disabled under the new criteria. Plaintiff therefore concludes that the ALJ failed to follow Judge Hernandez's order and this failure constitutes error. Plaintiff also argues that Dr. Duvall's opinion conclusively demonstrates Plaintiff met the criteria for the old Listing 12.05C. I disagree for two reasons.

First, Judge Hernandez reversed for further fact-finding because the record contained evidence to raise the possibility that Plaintiff met the former 12.05C Listing, but the record alone did not conclusively establish her disability. This negates Plaintiff's assertion that Dr. Duvall's opinion showed Plaintiff met the requirements of Listing 12.05C. Second, the ALJ's application

of the new 12.05 Listing criteria to Plaintiff's case is a rational interpretation of the SSA guidance regarding implementation of the new Listings and when they are to be applied.

Plaintiff argues that because the SSA does not address which listing version will apply to cases remanded before January 17, 2017, I should apply the old listing, or that I should choose which listing I ought to apply. The first sentence of the SSA's guidance explains that the SSA will apply the new criteria in any proceeding occurring after the effective date, January 17, 2017. Because Plaintiff's second ALJ hearing occurred on May 23, 2017, after the change to Listing 12.05C took effect, the ALJ followed the instruction of the SSA and applied the new 12.05 Listing. For the aforementioned reasons, I find that the ALJ did not err in applying the new 12.05 Listing criteria.

## II. ALJ's Rejection of Dr. Duvall's opinion

Plaintiff next argues that even if I review the ALJ's second decision using the new Listing 12.05, the ALJ improperly rejected Dr. Duvall's opinion. If a treating or examining doctor's opinion is contradicted by another doctors opinion, an ALJ may only reject the treating doctor's opinion by providing specific and legitimate reasons supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (citing *Lester*, 81 F.3d at 830–31). A treating physician's opinion based on a claimant's subjective complaints that the ALJ has properly discredited is a specific and legitimate reason for the ALJ rejecting the treating physician's opinion. *Batson*, 359 F.3d at 1195. Inconsistency between a treating provider's opinion and a claimant's daily activities may also constitute a specific and legitimate reason to discount that opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).

In the previous hearing held in this Court, Judge Hernandez upheld the ALJ's rejection of Dr. Duvall's opinion. Tr. 1133. Plaintiff argues that I should not preserve Judge Hernandez's

finding because the listing changed, which demonstrates a change in the law. Plaintiff argues that I should instead review whether the ALJ properly discounted Dr. Duvall's opinion in the second hearing in accordance with the new Listing 12.05.

Upon review of the record, I find that the outcome will not change regardless of which listing version I apply to the ALJ's rejection of Dr. Duvall's opinion. In both decisions, the ALJ explains the reasons she only afforded Dr. Duvall's opinion partial weight. Judge Hernandez found that other physician testimony on the record conflicted with Dr. Duvall's to warrant his application of the specific and legitimate reasons standard in his review of the ALJ's rejection of Dr. Duvall's opinion. Judge Hernandez then found that the ALJ provided sufficiently specific and legitimate reasons for affording Dr. Duvall's opinion only partial weight. I agree with Judge Hernandez's holdings. Because the ALJ provided specific and legitimate reasons for giving partial weight to Dr. Duvall's opinion that were supported by substantial evidence, I find that the ALJ did not err by discounting Dr. Duvall's opinion.

### III. ALJ's Duty to Develop the Record

Plaintiff's final argument is that the ALJ erred when she failed to develop the record further as to whether Plaintiff's condition met the criteria of the new listing. Plaintiff points out that under the new listing, if a claimant has an extreme limitation in adapting or managing herself, she will meet the new listing criteria. The ALJ addressed Plaintiff's capacity for adapting and managing herself in her decision. Tr. 1085–86. The ALJ stated that "claimant's activities, many of which she performed routinely over the longitudinal period, strongly suggest that she remained capable of greater cognitive and social functioning." The ALJ noted that Plaintiff was able to

> regain custody of her young child, who she indicated required
> considerable attention and treatment in addressing the child's

8 – OPINION AND ORDER

> behavioral issues. In caring for her child, the claimant was able to take him to and from school and to work with other providers to take care of her child. She was able to provide basic needs, preparing simple meals and shelter. The claimant also remained capable of attending to her own personal care.

Tr. 1084–85. The ALJ did take into consideration the new criteria and developed the record accordingly.

Plaintiff also argues that the ALJ relied on four-year-old examination reports from Dr. Duvall and the state consultant's opinions. Plaintiff provides no legal or other support for why relying on records that are four years old is inappropriate, nor any evidence that Plaintiff's condition has changed. The burden of proof remains with Plaintiff for Steps One through Four. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). Therefore, for this reason, and because the ALJ specifically addressed the criteria of the new Listing 12.05, I disagree that the ALJ erred in failing to provide examinations of Plaintiff that were more recent that the existing evidence.

## CONCLUSION

For the reasons stated, I find the ALJ's decision was supported by substantial evidence. Accordingly, I AFFIRM the decision. This case is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 15th day of February, 2019.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge